**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **BRANDON MCWASHINGTON,** | § | |
| *Plaintiff* | § | |
| | § | |
| **v.** | § | **Civil Action No. 4:24-cv-02153** |
| | § | |
| **JOSEPH P. RODGERS, II,** | § | |
| **BRIAN G. CURTIS, NOE GARZA,** | § | |
| **MELISSA A. HINOJOSA, KALID A.** | § | |
| **KHALID, JOSUE D. RUIZ, MANUEL** | § | |
| **SALAZAR, WARNER A. SOLIS, AND** | § | |
| **RODOLFO A. TREVINO, JR.,** | § | |
| *Defendants* | § | |

**DEFENDANT BRIAN G. CURTIS' ORIGINAL ANSWER TO PLAINTIFF'S**
**AMENDED COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant, BRIAN G. CURTIS ("Defendant Curtis") files this Original Answer to

Plaintiff's First Amended Complaint [Doc. #4] as follows:

**NATURE OF CASE**

1.     Defendant Curtis is not required to respond to the allegations or claims against other

parties in paragraph 1, therefore they are denied. To the extent that there are allegations regarding

Defendant Curtis' conduct, those allegations are denied.

2.     Defendant Curtis lacks knowledge or information sufficient to form a belief as to

the truth of the allegations in paragraph 2. To the extent that there are allegations regarding

Defendant Curtis' conduct, those allegations are denied.

3.     Defendant Curtis asserts that all claims against him regarding excessive force by

unjustifiably pointing his lethal duty weapon at Plaintiff have been dismissed and the complaint is

moot against him, depriving the Court of subject matter jurisdiction. Defendant Curtis is not

required to respond to the allegations or claims against other parties in paragraph 3, therefore they are denied. To the extent that there are allegations regarding Defendant Curtis' conduct beyond allegations of unjustifiably pointing his lethal duty weapon, those allegations are denied.

4.    Defendant Curtis is not required to respond to the allegations or claims against other parties in paragraph 4, therefore they are denied. To the extent that there are allegations regarding Defendant Curtis' conduct, those allegations are denied.

5.    Defendant Curtis lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 5. To the extent that there are allegations regarding Defendant Curtis' conduct, those allegations are denied.

6.    Defendant Curtis lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6. To the extent that there are allegations regarding Defendant Curtis' conduct, those allegations are denied.

7.    Defendant Curtis lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7. To the extent that there are allegations regarding Defendant Curtis' conduct, those allegations are denied.

8.    Defendant Curtis lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8. To the extent that there are allegations regarding Defendant Curtis' conduct, those allegations are denied.

9.    Defendant Curtis lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9. To the extent that there are allegations regarding Defendant Curtis' conduct, those allegations are denied.

## PARTIES

10.     Defendant Curtis lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10.

11.     Defendant Curtis lacks knowledge or sufficient information to form a belief as to the truth of the allegations in paragraph 11.

12.     Defendant Curtis admits the allegations in paragraph 12 regarding his employment; Defendant is not required to answer legal conclusions about the capacity in which he is sued, therefore he denies those at this time.

## JURISDICTION AND VENUE

13.     Defendant Curtis asserts that all of Plaintiff's Fourth Amendment excessive force claim against him have been dismissed, depriving the Court of subject matter jurisdiction. To the extent the Court determines otherwise, however, Defendant admits the Plaintiff has alleged violations under 42 U.S.C. §1983 as alleged in paragraph 13 but denies that he is subject to suit because he is protected by qualified immunity.

14.     Defendant Curtis asserts that all of Plaintiff's Fourth Amendment excessive force claim against him have been dismissed, depriving the Court of subject matter jurisdiction. To the extent the Court determines otherwise, however, Defendant admits the Court has general jurisdiction as stated in paragraph 14.

15.     Defendant Curtis admits venue is proper, as alleged in paragraph 15.

## STATEMENT OF FACTS

16.     Defendant Curtis is not required to respond to the allegations or claims against other parties in paragraph 16, therefore they are denied. To the extent that there are allegations regarding Defendant Curtis' conduct, those allegations are denied.

17.     Defendant Curtis is not required to respond to the allegations or claims against other

parties in paragraph 17, therefore they are denied.  To the extent that there are allegations regarding Defendant Curtis' conduct, those allegations are denied.

18.     Defendant Curtis is not required to respond to the allegations or claims against other parties in paragraph 18, therefore they are denied.  To the extent that there are allegations regarding Defendant Curtis' conduct, those allegations are denied.

19.     Defendant Curtis lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19. To the extent that there are allegations regarding Defendant Curtis' conduct, those allegations are denied.

20.     Defendant Curtis lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20. To the extent that there are allegations regarding Defendant Curtis' conduct, those allegations are denied.

21.     Defendant Curtis is not required to respond to the allegations or claims against other parties in paragraph 21, therefore they are denied. To the extent that there are allegations regarding Defendant Curtis' conduct, those allegations are denied.

22.     Defendant Curtis is not required to respond to the allegations or claims against other parties in paragraph 22, therefore they are denied. To the extent that there are allegations regarding Defendant Curtis' conduct, those allegations are denied.

23.     Defendant Curtis is not required to respond to the allegations or claims against other parties in paragraph 23, therefore they are denied. To the extent that there are allegations regarding Defendant Curtis' conduct, those allegations are denied.

24.     Defendant Curtis is not required to respond to the allegations or claims against other parties in paragraph 24, therefore they are denied. To the extent that there are allegations regarding Defendant Curtis' conduct, those allegations are denied.

25.     Defendant Curtis is not required to respond to the allegations or claims against other parties in paragraph 25, therefore they are denied. To the extent that there are allegations regarding Defendant Curtis' conduct, those allegations are denied.

26.     Defendant Curtis is not required to respond to the allegations or claims against other parties in paragraph 26, therefore they are denied. To the extent that there are allegations regarding Defendant Curtis' conduct, those allegations are denied.

27.     Defendant Curtis is not required to respond to the allegations or claims against other parties in paragraph 27, therefore they are denied. To the extent that there are allegations regarding Defendant Curtis' conduct, those allegations are denied.

28.     Defendant Curtis is not required to respond to the allegations or claims against other parties in paragraph 28, therefore they are denied. To the extent that there are allegations regarding Defendant Curtis' conduct, those allegations are denied.

29.     Defendant Curtis is not required to respond to the allegations or claims against other parties in paragraph 29, therefore they are denied. To the extent that there are allegations regarding Defendant Curtis' conduct, those allegations are denied.

30.     Defendant Curtis is not required to respond to the allegations or claims against other parties in paragraph 30, therefore they are denied. To the extent that there are allegations regarding Defendant Curtis' conduct, those allegations are denied.

31.     Defendant Curtis is not required to respond to the allegations or claims against other parties in paragraph 31, therefore they are denied. To the extent that there are allegations regarding Defendant Curtis' conduct, those allegations are denied.

32.     Defendant is not required to answer legal conclusions about the capacity in which he is sued, therefore he denies those allegations contained in paragraph 32 at this time.

33.    Defendant Curtis is not required to respond to the allegations or claims against other parties in paragraph 33, therefore they are denied. To the extent that there are allegations regarding Defendant Curtis' conduct, Defendant Curtis asserts that all claims against him regarding excessive force by unjustifiably pointing his lethal duty weapon at Plaintiff have been dismissed and the complaint is moot against him, depriving the Court of subject matter jurisdiction.

34.    Defendant Curtis is not required to answer legal conclusions about the capacity in which he is sued, therefore he denies those allegations in paragraph 34 at this time.

35.    Defendant Curtis is not required to respond to the allegations or claims against other parties in paragraph 35, therefore they are denied. To the extent that there are allegations regarding Defendant Curtis' conduct, those allegations are denied.

36.    Defendant Curtis is not required to respond to the allegations or claims against other parties in paragraph 36, therefore they are denied. To the extent that there are allegations regarding Defendant Curtis' conduct, those allegations are denied.

37.    Defendant Curtis is not required to respond to the allegations or claims against other parties in paragraph 37, therefore they are denied. To the extent that there are allegations regarding Defendant Curtis' conduct, those allegations are denied.

38.    Defendant Curtis is not required to respond to the allegations or claims against other parties in paragraph 38, therefore they are denied. To the extent that there are allegations regarding Defendant Curtis' conduct, those allegations are denied.

39.    Defendant Curtis lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 39, therefore he denies those allegations.

40.    Defendant Curtis lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 40, therefore he denies those allegations.

41.     Defendant Curtis is not required to respond to the allegations or claims against other parties in paragraph 41, therefore he denies those allegations.

42.     Defendant Curtis is not required to respond to the allegations or claims against other parties in paragraph 42, therefore they are denied. To the extent that there are allegations regarding Defendant Curtis' conduct, those allegations are denied.

43.     Defendant Curtis is not required to respond to the allegations or claims against other parties in paragraph 43, therefore they are denied. To the extent that there are allegations regarding Defendant Curtis' conduct, those allegations are denied.

44.     Defendant Curtis is not required to respond to the allegations or claims against other parties in paragraph 44, therefore they are denied. To the extent that there are allegations regarding Defendant Curtis' conduct, those allegations are denied.

45.     Defendant Curtis is not required to respond to the allegations or claims against other parties in paragraph 45, therefore they are denied. To the extent that there are allegations regarding Defendant Curtis' conduct, those allegations are denied.

46.     Defendant Curtis lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 46, therefore he denies those allegations.

47.     Defendant Curtis is not required to respond to the allegations or claims against other parties in paragraph 47, therefore they are denied. To the extent that there are allegations regarding Defendant Curtis' conduct, those allegations are denied.

48.     Defendant Curtis is not required to respond to the allegations or claims against other parties in paragraph 48, therefore they are denied. To the extent that there are allegations regarding Defendant Curtis' conduct, those allegations are denied.

49.     Defendant Curtis is not required to respond to the allegations or claims against other

parties in paragraph 49, therefore they are denied. To the extent that there are allegations regarding Defendant Curtis' conduct, those allegations are denied.

50.     Defendant Curtis is not required to respond to the allegations or claims against other parties in paragraph 50, therefore they are denied. To the extent that there are allegations regarding Defendant Curtis' conduct, those allegations are denied.

51.     Defendant Curtis is not required to respond to the allegations or claims against other parties in paragraph 51, therefore they are denied. To the extent that there are allegations regarding Defendant Curtis' conduct, those allegations are denied.

52.     Defendant Curtis is not required to respond to the allegations or claims against other parties in paragraph 52, therefore they are denied. To the extent that there are allegations regarding Defendant Curtis' conduct, those allegations are denied.

53.     Defendant Curtis lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 53, therefore he denies those allegations.

54.     Defendant Curtis is not required to respond to the allegations or claims against other parties in paragraph 54, therefore they are denied. To the extent that there are allegations regarding Defendant Curtis' conduct, those allegations are admitted.

55.     Defendant Curtis is not required to respond to the allegations or claims against other parties in paragraph 55, therefore they are denied. To the extent that there are allegations regarding Defendant Curtis' conduct, those allegations are denied.

56.     Defendant Curtis is not required to respond to the allegations or claims against other parties in paragraph 56, therefore they are denied. To the extent that there are allegations regarding Defendant Curtis' conduct, those allegations are denied.

57.     Defendant Curtis is not required to respond to the allegations or claims against other

parties in paragraph 57, therefore they are denied. To the extent that there are allegations regarding Defendant Curtis' conduct, those allegations are denied.

58.    Defendant Curtis is not required to respond to the allegations or claims against other parties in paragraph 58, therefore they are denied. To the extent that there are allegations regarding Defendant Curtis' conduct, those allegations are denied.

59.    Defendant Curtis lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 59, therefore he denies those allegations.

60.    Defendant Curtis is not required to respond to the allegations or claims against other parties in paragraph 60, therefore they are denied. To the extent that there are allegations regarding Defendant Curtis' conduct, those allegations are denied.

61.    Defendant Curtis is not required to respond to the allegations or claims against other parties in paragraph 61, therefore they are denied. To the extent that there are allegations regarding Defendant Curtis' conduct, those allegations are denied.

62.    Defendant Curtis is not required to respond to the allegations or claims against other parties in paragraph 62, therefore they are denied. To the extent that there are allegations regarding Defendant Curtis' conduct, those allegations are denied.

63.    Defendant Curtis is not required to respond to the allegations or claims against other parties in paragraph 63, therefore they are denied. To the extent that there are allegations regarding Defendant Curtis' conduct, those allegations are denied.

64.    Defendant Curtis is not required to respond to the allegations or claims against other parties in paragraph 64, therefore they are denied. To the extent that there are allegations regarding Defendant Curtis' conduct, those allegations are denied.

65.    Defendant Curtis is not required to respond to the allegations or claims against other

parties in paragraph 65, therefore they are denied. To the extent that there are allegations regarding Defendant Curtis' conduct, those allegations are denied.

66.    Defendant Curtis is not required to respond to the allegations or claims against other parties in paragraph 66, therefore they are denied. To the extent that there are allegations regarding Defendant Curtis' conduct, those allegations are denied.

67.    Defendant Curtis is not required to answer legal conclusions about the capacity in which he is sued, therefore he denies those allegations in paragraph 67 at this time.

68.    Defendant Curtis is not required to respond to the allegations or claims against other parties in paragraph 68, therefore they are denied. To the extent that there are allegations regarding Defendant Curtis' conduct, those allegations are denied.

69.    Defendant Curtis is not required to respond to the allegations or claims against other parties in paragraph 69, therefore they are denied. To the extent that there are allegations regarding Defendant Curtis' conduct, those allegations are denied.

70.    Defendant Curtis is not required to respond to the allegations or claims against other parties in paragraph 70, therefore they are denied. To the extent that there are allegations regarding Defendant Curtis' conduct, those allegations are denied.

71.    Defendant Curtis is not required to respond to the allegations or claims against other parties in paragraph 71, therefore they are denied. To the extent that there are allegations regarding Defendant Curtis' conduct, those allegations are denied.

72.    Defendant Curtis is not required to respond to the allegations or claims against other parties in paragraph 72, therefore they are denied. To the extent that there are allegations regarding Defendant Curtis' conduct, those allegations are denied.

73.    Defendant Curtis is not required to respond to the allegations or claims against other

parties in paragraph 73, therefore they are denied. To the extent that there are allegations regarding Defendant Curtis' conduct, those allegations are denied.

74.     Defendant Curtis is not required to respond to the allegations or claims against other parties in paragraph 74, therefore they are denied. To the extent that there are allegations regarding Defendant Curtis' conduct, those allegations are denied.

75.     Defendant Curtis is not required to respond to the allegations or claims against other parties in paragraph 75, therefore they are denied. To the extent that there are allegations regarding Defendant Curtis' conduct, those allegations are denied.

76.     Defendant Curtis is not required to respond to the allegations or claims against other parties in paragraph 76, therefore they are denied. To the extent that there are allegations regarding Defendant Curtis' conduct, those allegations are denied.

77.     Defendant Curtis is not required to respond to the allegations or claims against other parties in paragraph 77, therefore they are denied. To the extent that there are allegations regarding Defendant Curtis' conduct, those allegations are denied.

78.     Defendant Curtis is not required to respond to the allegations or claims against other parties in paragraph 78, therefore they are denied. To the extent that there are allegations regarding Defendant Curtis' conduct, those allegations are denied.

79.     Defendant Curtis is not required to respond to the allegations or claims against other parties in paragraph 79, therefore they are denied. To the extent that there are allegations regarding Defendant Curtis' conduct, those allegations are denied.

80.     Defendant Curtis admits the statement as contained in paragraph 80.

81.     Defendant Curtis is not required to respond to the allegations or claims against other parties in paragraph 81, therefore they are denied. To the extent that there are allegations regarding

Defendant Curtis' conduct, those allegations are denied.

82.     Defendant Curtis is not required to respond to the allegations or claims against other parties in paragraph 82, therefore they are denied. To the extent that there are allegations regarding Defendant Curtis' conduct, those allegations are denied.

83.     Defendant Curtis is not required to respond to the allegations or claims against other parties in paragraph 83, therefore they are denied. To the extent that there are allegations regarding Defendant Curtis' conduct, those allegations are denied.

84.     Defendant Curtis is not required to respond to the allegations or claims against other parties in paragraph 84, therefore they are denied. To the extent that there are allegations regarding Defendant Curtis' conduct, those allegations are denied.

85.     Defendant Curtis is not required to respond to the allegations or claims against other parties in paragraph 85, therefore they are denied. To the extent that there are allegations regarding Defendant Curtis' conduct, those allegations are denied.

86.     Defendant Curtis is not required to respond to the allegations or claims against other parties in paragraph 86, therefore they are denied. To the extent that there are allegations regarding Defendant Curtis' conduct, those allegations are denied.

87.     Defendant Curtis is not required to respond to the allegations or claims against other parties in paragraph 87, therefore they are denied. To the extent that there are allegations regarding Defendant Curtis' conduct, those allegations are denied.

88.     Defendant Curtis is not required to respond to the allegations or claims against other parties in paragraph 88, therefore they are denied. To the extent that there are allegations regarding Defendant Curtis' conduct, those allegations are denied.

89.     Defendant Curtis is not required to respond to the allegations or claims against other

parties in paragraph 89, therefore they are denied. To the extent that there are allegations regarding Defendant Curtis' conduct, those allegations are denied.

90.     Defendant Curtis is not required to respond to the allegations or claims against other parties in paragraph 90, therefore they are denied. To the extent that there are allegations regarding Defendant Curtis' conduct, those allegations are denied.

91.     Defendant Curtis is not required to respond to the allegations or claims against other parties in paragraph 91, therefore they are denied. To the extent that there are allegations regarding Defendant Curtis' conduct, those allegations are denied.

92.     Defendant Curtis is not required to respond to the allegations or claims against other parties in paragraph 92, therefore they are denied. To the extent that there are allegations regarding Defendant Curtis' conduct, those allegations are denied.

93.     Defendant Curtis is not required to respond to the allegations or claims against other parties in paragraph 93, therefore they are denied. To the extent that there are allegations regarding Defendant Curtis' conduct, those allegations are denied.

94.     Defendant Curtis is not required to respond to the allegations or claims against other parties in paragraph 94, therefore they are denied. To the extent that there are allegations regarding Defendant Curtis' conduct, those allegations are denied.

95.     Defendant Curtis is not required to respond to the allegations or claims against other parties in paragraph 95, therefore they are denied. To the extent that there are allegations regarding Defendant Curtis' conduct, those allegations are denied.

96.     Defendant Curtis admits those allegations contained in paragraph 96.

97.     Defendant Curtis is not required to respond to the allegations or claims against other parties in paragraph 97, therefore they are denied. To the extent that there are allegations regarding

Defendant Curtis' conduct, those allegations are denied.

98.     Defendant Curtis is not required to respond to the allegations or claims against other parties in paragraph 98, therefore they are denied. To the extent that there are allegations regarding Defendant Curtis' conduct, those allegations are denied.

99.     Defendant Curtis is not required to respond to the allegations or claims against other parties in paragraph 99, therefore they are denied. To the extent that there are allegations regarding Defendant Curtis' conduct, those allegations are denied.

100.     Defendant Curtis is not required to respond to the allegations or claims against other parties in paragraph 100, therefore they are denied. To the extent that there are allegations regarding Defendant Curtis' conduct, those allegations are denied.

101.     Defendant Curtis is not required to respond to the allegations or claims against other parties in paragraph 101, therefore they are denied. To the extent that there are allegations regarding Defendant Curtis' conduct, those allegations are denied.

102.     Defendant Curtis is not required to respond to the allegations or claims against other parties in paragraph 102, therefore they are denied. To the extent that there are allegations regarding Defendant Curtis' conduct, those allegations are denied.

103.     Defendant Curtis is not required to respond to the allegations or claims against other parties in paragraph 103, therefore they are denied. To the extent that there are allegations regarding Defendant Curtis' conduct, those allegations are denied.

104.     Defendant Curtis is not required to respond to the allegations or claims against other parties in paragraph 104, therefore they are denied. To the extent that there are allegations regarding Defendant Curtis' conduct, those allegations are denied.

105.     Defendant Curtis admits those allegations contained in paragraph 105.

106.     Defendant Curtis is not required to respond to the allegations or claims against other parties in paragraph 106, therefore they are denied. To the extent that there are allegations regarding Defendant Curtis' conduct, those allegations are denied.

107.     Defendant Curtis is not required to respond to the allegations or claims against other parties in paragraph 107, therefore they are denied. To the extent that there are allegations regarding Defendant Curtis' conduct, those allegations are denied.

108.     Defendant Curtis is not required to respond to the allegations or claims against other parties in paragraph 108, therefore they are denied. To the extent that there are allegations regarding Defendant Curtis' conduct, those allegations are denied.

109.     Defendant Curtis is not required to respond to the allegations or claims against other parties in paragraph 109, therefore they are denied. To the extent that there are allegations regarding Defendant Curtis' conduct, those allegations are denied.

110.     Defendant Curtis lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 110. To the extent that there are allegations regarding Defendant Curtis' conduct, those allegations are denied.

111.     Defendant Curtis lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 111. To the extent that there are allegations regarding Defendant Curtis' conduct, those allegations are denied.

112.     Defendant Curtis lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 112. To the extent that there are allegations regarding Defendant Curtis' conduct, those allegations are denied.

113.     Defendant Curtis lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 113. To the extent that there are allegations regarding

Defendant Curtis' conduct, those allegations are denied.

114.    Defendant Curtis lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 114. To the extent that there are allegations regarding Defendant Curtis' conduct, those allegations are denied.

115.    Defendant Curtis lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 115. To the extent that there are allegations regarding Defendant Curtis' conduct, those allegations are denied.

116.    Defendant Curtis lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 116. To the extent that there are allegations regarding Defendant Curtis' conduct, those allegations are denied.

117.    Defendant Curtis lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 117. To the extent that there are allegations regarding Defendant Curtis' conduct, those allegations are denied.

118.    Defendant Curtis lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 118. To the extent that there are allegations regarding Defendant Curtis's conduct, those allegations are denied.

119.    Defendant Curtis lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 119. To the extent that there are allegations regarding Defendant Curtis' conduct, those allegations are denied.

120.    Defendant Curtis lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 120. To the extent that there are allegations regarding Defendant Curtis' conduct, those allegations are denied.

121.    Defendant Curtis lacks knowledge or information sufficient to form a belief as to

the truth of the allegations in paragraph 121. To the extent that there are allegations regarding Defendant Curtis' conduct, those allegations are denied.

122.    Defendant Curtis lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 122. To the extent that there are allegations regarding Defendant Curtis' conduct, those allegations are denied.

## CLAIMS FOR RELIEF

### COUNT I

123.    Defendant Curtis admits that Plaintiff purports to incorporate the preceding paragraphs in paragraph 123; Defendant Curtis' responses and denials to each are incorporated herein.

124.    Defendant Curtis is not required to respond to the allegations or claims against other parties in paragraph 124, therefore they are denied. To the extent that there are allegations regarding Defendant Curtis' conduct, those allegations are denied.

125.    Defendant Curtis is not required to respond to the allegations or claims against other parties in paragraph 125, therefore they are denied. To the extent that there are allegations regarding Defendant Curtis' conduct, those allegations are denied.

126.    Defendant Curtis is not required to respond to the allegations or claims against other parties in paragraph 126, therefore they are denied. To the extent that there are allegations regarding Defendant Curtis' conduct, those allegations are denied.

127.    Defendant Curtis is not required to respond to the allegations or claims against other parties in paragraph 127, therefore they are denied. To the extent that there are allegations regarding Defendant Curtis' conduct, those allegations are denied.

128.    Defendant Curtis is not required to respond to the allegations or claims against other parties in paragraph 128, therefore they are denied. To the extent that there are allegations regarding Defendant Curtis' conduct, those allegations are denied.

129.    Defendant Curtis is not required to respond to the allegations or claims against other parties in paragraph 129, therefore they are denied. To the extent that there are allegations regarding Defendant Curtis' conduct, those allegations are denied.

130.    Defendant Curtis is not required to respond to the allegations or claims against other parties in paragraph 130, therefore they are denied. To the extent that there are allegations regarding Defendant Curtis' conduct, those allegations are denied.

131.    Defendant Curtis is not required to respond to the allegations or claims against other parties in paragraph 131, therefore they are denied. To the extent that there are allegations regarding Defendant Curtis' conduct, those allegations are denied.

132.    Defendant Curtis is not required to respond to the allegations or claims against other parties in paragraph 132, therefore they are denied. To the extent that there are allegations regarding Defendant Curtis' conduct, those allegations are denied.

**COUNT II**

133.    Defendant Curtis admits that Plaintiff purports to incorporate the preceding paragraphs in paragraph 133; Defendant Curtis' responses and denials to each are incorporated herein.

134.    Defendant Curtis is not required to respond to the allegations or claims against other parties in paragraph 134, therefore they are denied. To the extent that there are allegations regarding Defendant Curtis' conduct, those allegations are denied.

135.     Defendant Curtis is not required to respond to the allegations or claims against other parties in paragraph 135, therefore they are denied. To the extent that there are allegations regarding Defendant Curtis' conduct, those allegations are denied.

136.     Defendant Curtis is not required to respond to the allegations or claims against other parties in paragraph 136, therefore they are denied. To the extent that there are allegations regarding Defendant Curtis' conduct, those allegations are denied.

137.     Defendant Curtis is not required to respond to the allegations or claims against other parties in paragraph 137, therefore they are denied. To the extent that there are allegations regarding Defendant Curtis' conduct, those allegations are denied.

138.     Defendant Curtis is not required to respond to the allegations or claims against other parties in paragraph 138, therefore they are denied. To the extent that there are allegations regarding Defendant Curtis' conduct, those allegations are denied.

139.     Defendant Curtis admits that Plaintiff purports to incorporate the preceding paragraphs in paragraph 139; Defendant Curtis' responses and denials to each are incorporated herein.

140.     Defendant Curtis is not required to respond to the allegations or claims against other parties in paragraph 140, therefore they are denied. To the extent that there are allegations regarding Defendant Curtis' conduct, those allegations are denied.

**COUNT III**

141.     Defendant Curtis admits that Plaintiff purports to incorporate the preceding paragraphs in paragraph 141; Defendant Curtis' responses and denials to each are incorporated herein.

142.     Defendant Curtis is not required to respond to the allegations or claims against other parties in paragraph 142, therefore they are denied. To the extent that there are allegations

regarding Defendant Curtis' conduct, those allegations are denied.

143. Defendant Curtis is not required to respond to the allegations or claims against other parties in paragraph 143, therefore they are denied. To the extent that there are allegations regarding Defendant Curtis' conduct, those allegations are denied.

144. Defendant Curtis is not required to respond to the allegations or claims against other parties in paragraph 144, therefore they are denied. To the extent that there are allegations regarding Defendant Curtis' conduct, those allegations are denied.

145. Defendant Curtis is not required to respond to the allegations or claims against other parties in paragraph 145, therefore they are denied. To the extent that there are allegations regarding Defendant Curtis' conduct, those allegations are denied.

146. Defendant Curtis is not required to respond to the allegations or claims against other parties in paragraph 146, therefore they are denied. To the extent that there are allegations regarding Defendant Curtis' conduct, those allegations are denied.

147. Defendant Curtis is not required to respond to the allegations or claims against other parties in paragraph 147, therefore they are denied. To the extent that there are allegations regarding Defendant Curtis' conduct, those allegations are denied.

148. Defendant Curtis is not required to respond to the allegations or claims against other parties in paragraph 148, therefore they are denied. To the extent that there are allegations regarding Defendant Curtis' conduct, those allegations are denied.

**COUNT IV**

149. Defendant Curtis admits that Plaintiff purports to incorporate the preceding paragraphs in paragraph 149; Defendant Curtis' responses and denials to each are incorporated herein.

150. Defendant Curtis is not required to answer legal conclusions about the capacity in

which he is sued, therefore he denies those allegations in paragraph 150 at this time.

151.    Defendant Curtis asserts that all claims against him regarding excessive force by unjustifiably pointing his lethal duty weapon at Plaintiff have been dismissed and the complaint is moot against him, depriving the Court of subject matter jurisdiction. Defendant Curtis is not required to respond to the allegations or claims against other parties in paragraph 151, therefore they are denied. To the extent that there are allegations regarding Defendant Curtis' conduct beyond the allegation of unjustifiably pointing his lethal duty weapon, those allegations are denied.

152.    Defendant Curtis asserts that all claims against him regarding excessive force by unjustifiably pointing his lethal duty weapon at Plaintiff have been dismissed and the complaint is moot against him, depriving the Court of subject matter jurisdiction. Defendant Curtis is not required to respond to the allegations or claims against other parties in paragraph 152, therefore they are denied. To the extent that there are allegations regarding Defendant Curtis' conduct beyond the allegation of unjustifiably pointing his lethal duty weapon, those allegations are denied.

153.    Defendant Curtis asserts that all claims against him regarding excessive force by unjustifiably pointing his lethal duty weapon at Plaintiff have been dismissed and the complaint is moot against him, depriving the Court of subject matter jurisdiction. Defendant Curtis is not required to respond to the allegations or claims against other parties in paragraph 153, therefore they are denied. To the extent that there are allegations regarding Defendant Curtis's conduct beyond the allegation of unjustifiably pointing his lethal duty weapon, those allegations are denied.

154.    Defendant Curtis asserts that all claims against him regarding excessive force by unjustifiably pointing his lethal duty weapon at Plaintiff have been dismissed and the complaint is moot against him, depriving the Court of subject matter jurisdiction. Defendant Curtis is not required to respond to the allegations or claims against other parties in paragraph 154, therefore

they are denied. To the extent that there are allegations regarding Defendant Curtis' conduct beyond the allegation of unjustifiably pointing his lethal duty weapon, those allegations are denied.

155.    Defendant Curtis asserts that all claims against him regarding excessive force by unjustifiably pointing his lethal duty weapon at Plaintiff have been dismissed and the complaint is moot against him, depriving the Court of subject matter jurisdiction. Defendant Curtis is not required to respond to the allegations or claims against other parties in paragraph 155, therefore they are denied. To the extent that there are allegations regarding Defendant Curtis' conduct beyond the allegation of unjustifiably pointing his lethal duty weapon, those allegations are denied.

156.    Defendant Curtis asserts that all claims against him regarding excessive force by unjustifiably pointing his lethal duty weapon at Plaintiff have been dismissed and the complaint is moot against him, depriving the Court of subject matter jurisdiction. Defendant Curtis is not required to respond to the allegations or claims against other parties in paragraph 156, therefore they are denied. To the extent that there are allegations regarding Defendant Curtis' conduct beyond the allegation of unjustifiably pointing his lethal duty weapon, those allegations are denied.

## REQUEST FOR RELIEF

157.    Defendant Curtis lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 157. To the extent that there are allegations regarding Defendant Curtis' conduct, those allegations are denied.

158.    Defendant Curtis admits that Plaintiff demands a jury trial but denies that Plaintiff is entitled to any relief sought in paragraph 158.

## AFFIRMATIVE DEFENSES

159.    Defendant Curtis asserts that Plaintiff fails to state an actionable claim against him upon which relief may be granted, under the U.S. Constitution and 42 U.S.C. §1983.

160.    Defendant Curtis asserts that he is protected by qualified immunity from Plaintiff's

claims, which includes protection from pretrial discovery, which is costly, time-consuming, and intrusive. *Backe v. LeBlanc*, 691 F.3d 645, 648-49 (5th Cir. 2012); *Helton v. Clements*, 787 F.2d 1016, 1017 (5th Cir. 1986). Consequently, this Court must follow the careful procedure limiting discovery to that which is necessary to ascertain the availability of that defense. Defendant further asserts that Plaintiff fails to meet the threshold requirement of stating a claim for relief that is plausible on its face and that would overcome qualified immunity. *Id.* (citing *Wicks v. Mississippi State Employment Servs.*, 41 F.3d 991 (5th Cir. 1995); *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (directing that a plaintiff must "state a claim for relief that is plausible on its face" — excluding statements that are "no more than conclusions" which are "not entitled to the assumption of truth")). Plaintiff failed to plead the required specific facts that both allow the court to draw the reasonable inference that the defendant is liable for the harm he has alleged and that defeat a qualified immunity defense with equal specificity. *Lion Boulos v. Wilson*, 834 F.2d 504, 507-08 (5th Cir. 1987).

161.    At the time of the incident in question, Defendant Curtis was a peace officer for the City of Houston and entitled to qualified immunity from suit and from damages  because he acted, if at all, without malice, without an intent to deprive Plaintiff of any clearly established rights, with a reasonable good faith belief that his actions were lawful, proper and within as well as pursuant to the scope of his discretionary authority as a peace officer; and he did not violate clearly established law of which a reasonable officer would have known.

162.    Defendant Curtis states that the detention or arrest of Plaintiff, if any, was conducted lawfully, without any intent to injure Plaintiff, was objectively reasonable and did not violate clearly established law of which a reasonable officer would have known.

163.    Defendant Curtis denies that he was deliberately indifferent in any manner and

denies any violation of Plaintiff's constitutional rights.

164.    Defendant Curtis states that Houston Police Department properly trains its peace officers, including Defendants, in full compliance with the State standards established by the Texas Commission on Law Enforcement (TCOLE), and in accordance with the Constitution, and that Defendants acted in accordance with the law, training, and policy.

165.    Defendant Curtis states that his use of force, if any, was objectively reasonable and did not violate clearly established law of which a reasonable officer would have known, and that no deprivation of Plaintiff's rights occurred on the occasion in question.

166.    Defendant Curtis states that legal authority existed for the actions of any Houston Police Department police officers during the events at issue, and that the actions of City's officers did not violate clearly established law of which a reasonable officer would have known, and that no deprivation of Plaintiff's rights occurred on the occasion in question.

167.    Defendant Curtis states that he cannot be held vicariously liable as a matter of law for negligent or grossly negligent acts, if any, of the City's agents, servants and employees. Therefore, Defendant Curtis cannot be liable to Plaintiff under a theory of respondent superior, or for the actions of another Defendant or officer.

168.    Defendant Curtis asserts that to the extent any individual capacity claim is purportedly asserted against him, Plaintiff is not entitled to punitive damages because he cannot show malice, recklessness, or deliberate indifference. Any claim for punitive damages against Defendant Curtis individually cannot be sustained to the extent not subject to a fact-specific, reasonable limit. Without waiving any defense, Defendant Curtis states that any award of punitive damages must be based only on the specific facts of this case and Defendant Curtis' own acts and omissions, if any, related thereto. Any award of punitive damages which do not bear a reasonable

relationship to the specific facts of this case, and which are not limited in specific relation to those facts of Defendant Curtis' own acts or omissions, if any, would violate Defendant Curtis' Due Process rights guaranteed by the Fourteenth Amendment to the U.S. Constitution.

169.    Defendant Curtis asserts that he himself, and any police officers employed by the City Police Department at the time of the incident in question, are entitled to qualified immunity, and are immune from suit and liability in the present case. Defendant Curtis further asserts that he himself, and any of the City's police officers, were performing discretionary duties within the course and scope of their authority as Houston Police Department peace officers; that their actions were objectively reasonable; that they did not violate clearly-established law of which a reasonable person would have known; and that a reasonable officer could have believed that their actions were lawful in light of clearly-established law and the information they possessed a the time.

170.    Defendant Curtis states that no deprivation of Plaintiff's federal rights occurred in connection with the incident made the basis of this lawsuit.

171.    Defendant Curtis states that probable cause existed to detain and/or arrest Plaintiff.

172.    Defendant Curtis states that Plaintiff's own actions and/or crimes and/or negligence were the sole cause or alternatively, the proximate cause of the occurrence or incident in question and of any alleged resulting damages.

173.    Defendant Curtis states that Plaintiff's contributory negligence and/or crimes or actions were the cause of injuries of which he now complains.

174.    Defendant Curtis asserts official immunity as an affirmative defense to all of Plaintiff's claims and cannot be held vicariously liable for any alleged acts or omissions.

175.    Defendant Curtis asserts the defense of consent, either express or implied, by Plaintiff to any intentional tort cause of action evading law enforcement officer. [Tex. Pen. Code

§ 22.06; *Gravis v. Physicians & Surgeons Hospital of Alice*, 427 S.W.2d 310, 311 (Tex. 1968)].

176.    Defendant Curtis states he is immune from suit or liability for actions taken towards the prevention of crime or apprehension of a criminal [See Tex. Civ. Prac. & Rem. Code § 87.002].

177.    Defendant Curtis further asserts he is entitled to recover court costs and fees and reasonable attorney's fees from the Plaintiff for claims related to Defendant Curtis' prevention of crime or apprehension of a criminal. [See Tex. Civ. Prac. & Rem. Code § 86.004].

## ATTORNEYS' FEES

178.    Defendant Curtis would show that the claims asserted by Plaintiff in this lawsuit are frivolous, unreasonable or groundless, such that defendants are entitled to attorneys' fees in a civil rights action when a plaintiff's underlying claim is frivolous, unreasonable or groundless, if they prevail. *Walker v. City of Bogalusa*, 168 F.3d 237, 239 (5th Cir. 1999). A suit is "frivolous" for purposes of civil rights attorney fee statute, if it is so lacking in arguable merit as to be groundless or without foundation. Id. at 240. Defendant Curtis seeks to recover his reasonable and necessary attorney's fees as prevailing party pursuant to 42 U.S.C. §1988 in defending against Plaintiff's frivolous claim asserted in this lawsuit.

## JURY DEMAND

179.    Defendant Curtis demands a trial by jury.

## RESERVATION OF RIGHTS

180.    Defendant Curtis reserves the right to amend or supplement this Answer.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant Curtis prays that Plaintiff take nothing by his suit, that Defendant Curtis recover their attorneys' fees and costs, and for all other relief to which he may be entitled in equity or under law.

Respectfully submitted,

**ARTURO G. MICHEL**
**City Attorney**

CHRISTY L. MARTIN
Section Chief, Torts/Civil Rights

By:    */s/ Michelle C. Taylor*
Michelle C. Taylor
Senior Assistant City Attorney
Attorney in Charge
SBN: 224060889
FBN: 3773284
Tel. (832) 393-6248

Michelle.Taylor2@houstontx.gov
City of Houston Legal Department
P.O. Box 368
Houston, Texas 77001-0368

**ATTORNEYS FOR DEFENDANT**
**OFFICER BRIAN G. CURTIS**


## CERTIFICATE OF SERVICE

I hereby certify that pursuant to the Federal Rules of Civil Procedure, a true and correct copy of the foregoing was filed via CM/ECF and served via electronic filing manager to all counsel of record.

*/s/ Michelle C. Taylor*
Michelle C. Taylor