United States District Court
Southern District of Texas

**ENTERED**

May 15, 2026

Nathan Ochsner, Clerk

### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| BRANDON MCWASHINGTON, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:24-CV-02153 |
| | § | |
| JOSEPH RODGERS, II, *et al.,* | § | |
| | § | |
| *Defendants.* | § | |

## ORDER

Pending before this Court are Houston Police Department's Motion to Quash Plaintiff's Subpoena Duces Tecum (Doc. No. 83), Defendants' Motion to Quash Plaintiff's Subpoena Duces Tecum to Nonparty Houston Police Department (Doc. No. 84), Plaintiff's Motion for Leave to File Surreply (Doc. No. 91), Defendants' Motion to Limit Discovery to Qualified Immunity and for Protective Order (Doc. No. 93), and Plaintiff's Motion to Stay (Doc. No. 94). The Court is also in receipt of all responses and replies. (Doc. Nos. 87–90, 92). The Court addresses the pending Motions below.

The Motions to Quash (Doc. Nos. 83, 84) are **GRANTED.**[1] This Court outlined the information that Plaintiff should seek from the Houston Police Department in its March 12, 2026 order. (Doc. No. 79) ("Any material related to the (1) use of force reports related to the incident, (2) Houston Police Department training policies, (3) any complaint history or history of misconduct, (4) the training records of Officer Rodgers or the K-9 Rico, or (5) any civil or criminal complaints filed against Officer Rodgers or the K-9 Rico must be subpoenaed from the Houston Police Department."). Instead of pursuing the path laid out by the Court, Plaintiff went well beyond the Court's order and sought so

---

[1] The Motion for Leave to File Surreply (Doc. No. 91) is also **GRANTED.** The Court considered the surreply (Doc. No. 92) for the purposes of this Order.

much information that the phrase "fishing expedition" does not do it justice. *See* (Doc. No. 83-1). In fact, the requests are so far-reaching and so beyond any limit justified by the pleadings in this case that this Court has no way to reform the subpoena. Instead, this Court must quash the subpoena in its entirety.

The Defendants' Motion to Limit Discovery to Qualified Immunity (Doc. No. 93) is also **GRANTED.** It is a truism in this genre of litigation that qualified immunity not only means immunity from judgment, but it also means immunity from the lawsuit. *See, e.g., Brown v. U.S. Postal Serv.*, 338 Fed. App'x 438, 440 (5th Cir. 2009). The Court hereby limits current discovery to areas reasonably related to the issue of qualified immunity until those issues are resolved.

Finally, Plaintiff's Motion to Stay (Doc. No. 94) is **GRANTED.** Since the Court is limiting current discovery to immunity issues, it would not be fair to the Plaintiff to have all the deadlines pass by without discovery on the merits.

With that in mind, the Parties have until **September 30, 2026** to complete all discovery regarding immunity. At that point, all discovery will be stayed. Defendants may file a dispositive motion on that topic if they do so by **October 16, 2026.** If such a motion is filed, Plaintiff has until **November 6, 2026** to file a response, and the Defendants will have until **November 20, 2026** to file a reply. After the Court rules on the anticipated motions or if no such motions are filed, the Court will enter a scheduling order that will govern this case to completion.

It is so ordered.

Signed on this the 14 day of May 2026.

Andrew S. Hanen
United States District Judge

2