**UNITED STATES DISTRICT COURT FOR THE**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| BRANDON MCWASHINGTON, <br><br> Plaintiff <br><br> v. <br><br> JOSEPH P. RODGERS II, <br> BRIAN G. CURTIS, NOE GARZA, <br> MELISSA A. HINOJOSA, KHALID H. <br> KHALID, JOSUE D. RUIZ, MANUEL A. <br> SALAZAR, WARNER A. SOLIS, AND <br> RODOLFO A. TREVINO JR., <br><br> Defendants. | Case No. 4:24-cv-02153 <br><br> **JURY DEMAND** |

**PLAINTIFF'S MOTION FOR RECONSIDERATION OF ORDER GRANTING**
**MOTIONS TO QUASH AND LIMIT DISCOVERY**

Pursuant to Federal Rule of Civil Procedure ("FRCP") 54(b), Plaintiff Brandon McWashington respectfully moves for reconsideration of this Court's May 15, 2026, Order granting: 1) Defendants' and the Houston Police Department's ("HPD") Motions to Quash Plaintiff's Subpoena to HPD, *see* Docs. 83-84; and 2) Defendants' Motion to Limit Discovery, *see* Doc. 93.

Where HPD and Defendants' Motions to Quash are concerned, Plaintiff's counsel seeks to clarify the record and demonstrate good faith compliance with this Court's orders. In sum, counsel served a subpoena on HPD before ever meeting with the Court, and did not understand the Court's subsequent orders (orders specifying *from whom* Plaintiff should seek certain records) to be imposing limitations on the scope of discovery. In the interest of judicial efficiency, Mr.

McWashington seeks reinstatement of his subpoena to HPD[1] and an order directing HPD to produce the records set forth in this Court's May 12, 2026, order. Doc. 79.

Where Defendants' Motion to Limit Discovery is concerned, Mr. McWashington seeks the opportunity to be heard, for the first time, on the proper scope of discovery in this case. This Court granted Defendants' Motion four days after it was filed, without giving Plaintiff an opportunity to respond. Attached as an exhibit to this motion is Plaintiff's opposition brief, which would have been due today, June 1, 2026. Ex. 1, Pl.'s Opp'n to Defs.' Mot. to Limit Disc. In sum, Mr. McWashington would like to alert the Court to Defendants' inaccurate characterizations of Fifth Circuit caselaw, particularly *Asante-Chioke v. Dowdle,* 103 F.4th 1126 (5th Cir. 2024), the judicial inefficiency and extensive court involvement limited discovery will engender, and the prejudice Mr. McWashington will suffer if further delays in this now 2-year-old case are permitted.

For the reasons set forth herein and in Mr. McWashington's attached opposition brief, Defendants' motions to quash and limit discovery should be denied.

## ARGUMENT

### I. Legal Standard

A district court may revise its own interlocutory rulings "at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties." Fed. R. Civ. P. 54(b); *Edwin v. Clean Harbors Env't Servs. Inc.*, No. 22-30263, 2023 U.S. App. LEXIS 15106, at \*3 (5th Cir. June 16, 2023); *McKay v. Novartis Pharm. Corp.*, 751 F.3d 694, 701 (5th Cir. 2014); *Austin v. Kroger Tex., L.P.*, 864 F.3d 326, 336 (5th Cir. 2017) ("Under Rule 54(b), the trial court

---

[1] Mr. McWashington asks that this Court allow him to be heard on the proper scope of discovery in this case before quashing or modifying his subpoena. If after considering Mr. McWashington's position, this Court concludes that the subpoena is still overbroad, Mr. McWashington requests modification of his subpoena to exclude RFP Nos. 10, 11, 14, 15 and 16 (Subp. Req. Nos. 3, 4, 6, 7, and 8),  instead of quashal.

is free to reconsider and reverse its decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law.") (internal citation omitted).

In this circuit, courts have found it appropriate to grant motions for reconsideration when one party was denied its opportunity to respond. *See Fund Tex. Choice v. Paxton,* No. 1:22-CV-859-RP, 2022 U.S. Dist. LEXIS 188460, at *12-13 (W.D. Tex. Oct. 4, 2022) (granting motion to reconsider, in part, because motion was decided "without the benefit of Plaintiffs' response"); *see also Ictech-Bendeck v. Waste Connections Bayou, Inc.*, No. 18-7889, 2024 U.S. Dist. LEXIS 11460, at *34 (E.D. La. Jan. 23, 2024) (granting motion to reconsider to allow plaintiffs to "contextualiz[e]" a "misimpression created by Defendants").

**II.    Mr. McWashington seeks reinstatement of his subpoena and an order from this Court directing HPD to timely produce the records described in this Court's March 12, 2026 order,**

In granting Defendants' and HPD's motions to quash, this Court asserted that, "[i]nstead of pursuing the path laid out by the Court, Plaintiff went well beyond the Court's order and sought so much information that the phrase 'fishing expedition' does not do it justice." Doc. 95. Mr. McWashington respectfully seeks the opportunity to correct the record and assure the Court otherwise.

First, counsel issued the subpoena to HPD at issue before any interaction with the Court, with the understanding that the broad relevance standard articulated in FRCP 26(b)(1) controlled. Plaintiff's counsel provided the subpoena to a process server on March 10, 2026: the day before the parties' discovery conference with this Court on March 11, 2026. *See* Ex. 2, March 10, 2026 email to ProActive Legal Process Servers with the subpoena attached. The subpoena was served the day of the hearing. S*ee* Ex. 3, March 11, 2026 proof of service on HPD.

Second, the March 11, 2026 discovery conference transcript reflects that the Court did not

limit the scope of discovery that Plaintiff could seek from HPD. *See generally* Doc. 87, Doc. 87-2, Discovery Hearing Tr. As Plaintiff and this Court expressed, the purpose of the hearing was to address the individual officer Defendants' deficient responses to Plaintiff's Requests for Production ("RFPs"). *See* Ex. 4, Pl.'s Feb. 9, 2026 Letter Seeking Pre-Mot. Disc. Conf. ("Plaintiff seeks the Court's assistance in procuring sufficient responses to his Requests for Production of Documents ("Requests"), sent on November 10, 2025."); Doc. 87, Doc. 87-2 at 3:10-12 ("It's no surprise that this phone call was kicked off because Ms. Planter's client is complaining about the discovery or lack thereof.").

It was only when Defendants' Counsel represented during the hearing that she could not access many of the records listed in Plaintiff's RFPs that the Court directed Plaintiff to subpoena them from HPD instead. *See* Doc. 87-2 at 5:24-6:2, 6:4-8, 6:13-15, 6:25-7:1, 8:2, 14:3-9 (holding in reference to "HPD personnel files": "those, you're going to have to get from HPD"; holding in reference to "prior complaints and misconduct": "Well, because she doesn't have the file, you're going to have to subpoena that file anyway, I mean, eventually so we might as well get it out of the way"; holding in reference to "the training of Officer Rodgers and Officer Rico": "so, again, let's go to HPD to get these"; holding, in sum: "Ms. Planter, you're going to have to send a subpoena for the four or five items we talked about. They're going to have to come from the police department. And when you get the response to that, you know, we may have to have another hearing to see how -- what you have and if there's something you know that more than likely exists that you didn't get.").

When the Court issued a written order memorializing the discovery conference the following day, March 12, 2026, that order reaffirmed Plaintiff's belief that this Court had merely directed Plaintiff to subpoena HPD for the records Defendants' Counsel reported she could not

access:

> Any material related to the (1) use of force reports related to the incident, (2) Houston Police Department training policies, (3) any complaint history or history of misconduct, (4) the training records of Officer Rodgers or the K-9 Rico, or (5) any civil or criminal complaints filed against Officer Rodgers or the K-9 Rico must be subpoenaed from the Houston Police Department.

Doc. 79.

Nothing in the Court's written order directed Plaintiff to refrain from seeking other records from HPD or otherwise indicated that the scope of proper discovery had been limited to the matters discussed in the hearing. *Id.* Thus, Plaintiff's counsel was unaware that any withdrawal or modification of the previously-issued subpoena was warranted or expected by this Court.

Plaintiff's counsel offers these facts to demonstrate good faith compliance with this Court's orders and respect for this Court's authority. Counsel is equally committed to zealously representing Mr. McWashington within the confines of FRCP 26. It is this duty that informed the scope of Counsel's subpoena to HPD.

In the interest of judicial efficiency, Plaintiff seeks reinstatement of his March 10, 2026 subpoena to HPD, and—if this Court still deems necessary after hearing Plaintiff on the proper scope of discovery in this case—modification of the subpoena to exclude RFP Nos. 10, 11, 14, 15, and 16 (Subp. Req. Nos. 3, 4, 6, 7, and 8). *See* Doc. 83-1 (requesting Defendants' insurance and ability to pay records (RFP No. 10, Subp. Req. No. 3); and use of force reports involving a K-9 and Defendants (RFP No. 11, Subp. Req. No. 4); bite ratio records for any K-9 units used by the Defendants (RFP No. 14, Subp. Req. No. 6); statistical records of HPD K-9 deployments (RFP No. 15, Subp. Req. No. 7); statistical records of HPD DWI traffic stops (RFP No. 16, Subp. Req No. 8); and use of force reports *unrelated* to the Incident). Moreover, Plaintiff seeks an order from the Court directing HPD to timely produce the records described in this Court's March 12, 2026

order, *see* Doc. 79: (1) specific and relevant HPD policies, procedures, and training materials in effect at the time of the Incident;[2] (2) Defendant Rodgers' and Rico's training records;[3] (3) use of force reports related to the Incident; and (4) Defendants' complaint history and misconduct records, including Defendants' personnel and disciplinary files, and complaints filed against K9 Rico.[4] HPD has been on notice of its duty to produce these records for 83 days.

The alternative—service of a new subpoena—will not only come with additional expense but additional delay (no doubt, after yet another round of motion to quash briefing) in the production of records that this Court has already deemed relevant to these proceedings.

### III.   Mr. McWashington requests the opportunity to be heard on the proper scope of discovery in this case and to explain why Defendants' Motion to Limit Discovery should be denied.

Because this Court granted Defendants' Motion to Limit Discovery four days after filing, Plaintiff has had no opportunity to be heard. He seeks that opportunity now. In sum, Defendants'

---

[2] Plaintiff seeks policies, procedures, and training materials on the following subjects, as outlined in RFP Nos. 8 and 9, Subp. Req. 1 and 2: use of force; use of force report drafting; excessive force; the Fourth Amendment; Fourth Amendment case law; qualified immunity; dogs; traffic stops; intoxicated suspects; driving under the influence; unarmed suspects; responding to mental health or medical crises; the duty to intervene; de-escalation techniques; medical care for persons in custody; the use of handcuffs; traffic stops; effectuating arrests; vehicular  pursuits; verbal altercations with civilians; incident report drafting; reporting misconduct; misconduct investigations; Internal Affairs investigations.

[3] Plaintiff seeks Defendant Rodgers and Rico's training records (RFP No. 22, Subp. Req. No. 11); K-9 Rico's training and care records (RFP No. 23, Subp. Req. No. 12); K-9 Rico's veterinary and behavioral records (RFP No. 24, Subp. Req. No. 13); K-9 Rico's performance records (RFP Nos. 25 and 26, Subp. Req. Nos. 14 and 15); and audio/video recordings of Defendant Rodgers' K-9 training sessions (RFP No. 27, Sub. Req. No. 16).

[4] Plaintiff seeks records of Defendants' K-9 use of force policy violations (RFP No. 11, Subp. Req. No. 4); administrative, quasi-judicial, or other proceeding records related to Defendants' use of excessive force, failure to intervene, fabrication of evidence, or false arrest (RFP No. 19, Subp. Req. No. 10); and personnel files, including, without limitation personnel documents, including, without limitation, hiring and onboarding documents, training records, certifications, misconduct allegations, misconduct reports, misconduct investigations, disciplinary actions, and commendations (RFP No. 17, Subp. Req. No. 9).

Motion to Limit Discovery to Qualified Immunity is lacking in merit, procedurally improper, and, at this late stage, inefficient and prejudicial to Mr. McWashington. It must be denied.

Limited discovery is efficient and appropriate only where the court needs additional information to rule on qualified immunity, not where the court has already reviewed comprehensive footage of the incident in question and denied Defendants' qualified immunity defense, as this Court did here over a year ago. *See Zapata v. Melson*, 750 F.3d 481, 485 (5th Cir. 2014) ("'[I]f the court remains *unable to rule on the immunity defense without further clarification of the facts*, it may issue a discovery order narrowly tailored to uncover only those facts needed to rule on the immunity claim" (cleaned up)); *Walter v. City of New Orleans,* No. CV 23-4352, 2025 WL 1697150, at *9-11 (E.D. La. June 17, 2025) (citing *Asante-Chioke* and holding, "If a court *remains unable to rule on the immunity defense without further clarification of the facts*, it may issue a discovery order narrowly tailored to uncover only those facts needed to rule on the immunity claim." (emphasis added)); *Tippit v. Iverson,* 2025 WL 1697150, at *9-11 (No. 6:23-CV-00515-JDK, 2024 WL 3153351, at *2 (E.D. Tex. June 24, 2024) (citing *Asante-Chioke* and holding "where resolution of [qualified immunity] turns on disputed facts and *the court requires further clarification to resolve those factual disputes*," that limited discovery should be ordered (emphasis added)).

Defendants concede as much in their briefing, noting that it is only when a district court "cannot rule on qualified immunity without further factual development," that discovery should be limited. Mot. at 3 (quoting *Asante-Chioke v. Dowdle*, 103 F.4th 1126, 1130 (5th Cir. 2024) (emphasis added)). And yet, Defendants have identified no "further factual development" necessary for fulsome qualified immunity analysis, because there is none. Rather than relying on Plaintiff's pleadings alone, this Court reviewed body camera footage of the incident before

denying Defendants qualified immunity.

This Court's direct observation of the force and circumstances at issue make this case materially distinct from *Asante-Chioke*, where the Fifth Circuit ordered limited discovery because the district court's denial of qualified immunity relied solely on pleadings that defendants and the court agreed had numerous, material factual gaps. *See* 103 F. 4th at 1128-31. Had Defendants determined immunity could not be ruled on "without further clarification of the facts" they could have moved for limited discovery at the motion to dismiss phase or appealed this Court's order within the required timeframe. They chose not to do so. Defendants have failed to identify a case where a motion to limit discovery was granted a year after the denial of qualified immunity, and almost a year into the discovery process, because Fifth Circuit case law does not permit this kind of eleventh hour, groundless request.

Moreover, because the parties disagree about and cannot fully anticipate what the Court will deem relevant to qualified immunity, navigation of a limitation order will require the parties to seek extensive court involvement in every mechanism of discovery. These disputes, combined with the double work inherent in bifurcated discovery (pre- and post-summary judgment) will result in further delay, spoliation of evidence, and great prejudice to Mr. McWashington, whose rights were violated almost four years ago. See Doc. 48. Defendants have participated in discovery for the past nine months. They should not be permitted to delay this case any further.

## **CONCLUSION**

For the foregoing reasons, the Court should reconsider its May 15, 2026, order, deny Defendants' and HPD's Motions to Quash, reinstate Mr. McWashington's subpoena to HPD, direct HPD to produce the records set forth in this Court's May 12, 2026, order, and deny Defendants' Motion to Limit Discovery.

Respectfully submitted this 1st day of June, 2026.

/s/ Destiny Planter
Destiny Planter (pro hac vice)
Washington, D.C. Bar No. 1780910
destiny@peoplescounsel.org
Brittany Francis* †
Texas Bar No. 24141616;
S.D. Tex. Bar No. 3837908)
brittany@peoplescounsel.org
1900 W. Gray Street
P.O. Box 130442
Houston, TX 77219
Keisha James
Keisha.npap@nlg.org
PO Box 56386
Washington, DC 20040
(202) 557-9791
Nii Amaa Ollennu
Texas Bar No. 24098205
S.D. Tex. Bar No. 3884094*
nii@naolawfirm.com
NO Law Firm, PLLC
1216 N. Central Expy, Suite 208
McKinney, TX 75070
Telephone: (469) 620-0333
† Attorney-in-Charge

*Attorneys for Plaintiff Brandon McWashington*

## CERTIFICATE OF SERVICE

I hereby certify that on June 1, 2026, a true and correct copy of this document was properly served on counsel of record via electronic filing in accordance with the United States District Court for the Southern District of Texas Procedures for Electronic Filing.

/s/ Destiny Planter

**UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| BRANDON MCWASHINGTON,<br><br>Plaintiff<br><br>v.<br><br>JOSEPH P. RODGERS II,<br>BRIAN G. CURTIS, NOE GARZA,<br>MELISSA A. HINOJOSA, KHALID H.<br>KHALID, JOSUE D. RUIZ, MANUEL A.<br>SALAZAR, WARNER A. SOLIS, AND<br>RODOLFO A. TREVINO JR.,<br><br>Defendants. | Case No. 4:24-cv-02153<br><br>**JURY DEMAND** |

**[PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION FOR
RECONSIDERATION**

Having considered Plaintiff's Motion for Reconsideration, filed June 1, 2026, Defendants'

Opposition thereto, if any, and Plaintiff's Reply, if any, **IT IS HEREBY ORDERED that**

**Plaintiff's Motion for Reconsideration is GRANTED.**

**IT IS SO ORDERED.**

Signed on _____, in Houston, Texas

_____
HON. ANDREW HANEN
United States District Judge